# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI, <br><br> Petitioner, <br><br> v. <br><br> DEAN BORDERS, Warden, <br><br> Respondent. | Case No. 5:19-cv-01191-RGK-MAA <br><br> **ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |

On June 27, 2019, Petitioner St. Michael Balzarini, acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) As discussed below, summary dismissal of the action is appropriate.

I.  **BACKGROUND**

Petitioner was convicted and sentenced in 1995 in the San Bernardino County Superior Court. (*See* Petition 2.) Although the Petition states that Petitioner has not previously filed any federal habeas petitions with respect to this judgment of conviction (*id.* at 7), this is Petitioner's fifth federal habeas action in this district predicated on the 1995 conviction. The Court takes judicial notice of Petitioner's prior habeas cases in this district. *See* Fed. R. Evid. 201(b)(2) ("The

court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . .").

In *Balzarini v. Terhune*, No. 2:00-cv-04590-GHK-AN, Petitioner filed a habeas petition challenging his conditions of confinement. On May 23, 2000, the Court entered judgment dismissing the petition without prejudice. (No. 2:00-cv-04590-GHK-AN, ECF Nos. 3-4.)

In *Balzarini v. Cambria*, No. 2:01-cv-04663-GLT-AN, Petitioner filed a petition challenging his custody arising from his 1995 conviction. The Magistrate Judge assigned to the action issued a report and recommendation of dismissal for failure to comply with a court order, failure to prosecute, and untimeliness. (*See* No. 2:01-cv-04663-GLT-AN, ECF No. 15.)[1] On December 5, 2001, the District Judge adopted the report and recommendation and entered judgment dismissing the petition with prejudice. (No. 2:01-cv-04663-GLT-AN, ECF Nos. 20-21.)

In *Balzarini v. Woodford*, No. 5:05-cv-00222-FMC-AN, Petitioner filed a petition challenging his custody arising from his 1995 conviction. On April 20, 2005, the Court entered judgment summarily dismissing the petition without prejudice as an unauthorized second or successive petition. (No. 5:05-cv-00222-FMC-AN, ECF Nos. 3-4.)

In *Balzarini v. Grounds*, No. 5:12-cv-00028-GHK-AN, Petitioner filed a petition challenging his custody arising from his 1995 conviction. On January 23, 2012, the Court entered judgment summarily dismissing the petition without

---

[1] This report and recommendation is not presently available in the Court's electronic filing system. Consequently, the Clerk is directed to attach the report and recommendation to this Order.

prejudice as an unauthorized second or successive petition. (No. 5:12-cv-00028-GHK-AN, ECF Nos. 5-6.)

The pending Petition asserts claims challenging Petitioner's custody arising from his 1995 conviction and sentence. (*See* Petition 2.) Nowhere in the Petition does Petitioner allege that he has sought leave from a United States Court of Appeals to file a second or successive petition. (*See generally* Petition.)

## II. THE PETITION IS SUBJECT TO SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* C.D. Cal. L.R. 72-3.2 (authorizing a magistrate judge to prepare a proposed order for summary dismissal and proposed judgment for a district judge).

28 U.S.C. § 2244(b) limits habeas petitioners from asserting certain claims in a second or successive petition without leave from a United States Court of Appeals. As articulated by the United States Supreme Court:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).

§ 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.* at 153; *see also* 28 U.S.C. § 2244(b)(2); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

The Petition is an unauthorized second or successive petition. Petitioner's 2001 petition for writ of habeas corpus, which was predicated on his 1995 conviction and sentence, was dismissed as untimely. (*See Balzarini v. Cambria*, No. 2:01-cv-04663-GLT-AN, ECF No. 15, *adopted*, ECF No. 20.) A dismissal for untimeliness operates as a disposition on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Accordingly, a subsequent petition challenging the same conviction constitutes a "second or successive" habeas petition relative to the 2001 petition. *See id.* The instant Petition is predicated on the same 1995 conviction and sentence challenged in *Balzarini v. Cambria*, No. 2:01-cv-04663-GLT-AN, which the Court dismissed on the merits—not to mention the same conviction and sentence challenged in two subsequent petitions, *Balzarini v. Woodford*, No. 5:05-cv-00222-FMC-AN, and *Balzarini v. Grounds*, No. 5:12-cv-00028-GHK-AN, both of which the Court dismissed as second or successive.

Even if Petitioner could demonstrate that he qualifies for an exception to the bar on successive petitions, he must have obtained permission from the Ninth Circuit before bringing the claims in the instant Petition. *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Petitioner has not shown that he sought or obtained authorization to file the instant Petition with any United States Court of Appeals. (*See generally* Petition.) The Court's independent search of the Ninth Circuit Court of Appeal's dockets using the electronic PACER case locator function indicates Petitioner neither sought nor obtained such authorization.

Accordingly, this district court lacks jurisdiction to entertain the Petition, and summary dismissal is appropriate.

### III. THE COURT DENIES A CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Petition be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED**.

DATED: August 16, 2019

*/s/ Gary Klausner*

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT
No. 2:01-cv-04663-GLT-AN, ECF No. 15